**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff-Respondent, | § | |
| | § | |
| v. | § | Cr. No. C-09-108 |
| | § | C.A. No. C-10-18 |
| ROBERTO SIFUENTES-RODRIGUEZ, | § | |
|     Defendant-Movant. | § | |

**MEMORANDUM OPINION AND ORDER DENYING MOTION
TO REDUCE SENTENCE PURSUANT TO 28 U.S.C. § 2255
AND ORDER DENYING CERTIFICATE OF APPEALABILITY**

On January 14, 2010, the Clerk's office received a motion from Defendant Roberto Sifuentes-Rodriguez. (D.E. 29.)[1] The motion was titled as a "Motion for Reduction of Sentence Pursuant to 28 USC § 2255." (Id.)

Having reviewed the motion, the Court concludes that it is not necessary to order a government response because "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS. As discussed in more detail herein, the Court DENIES Sifuentes-Rodriguez's motion because the claims raised therein do not entitle him to relief. Additionally, the Court DENIES Sifuentes-Rodriguez a Certificate of Appealability.

---

[1] Docket entry references are to the criminal case, C:09-cr-108.

1

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

## II. BACKGROUND

Sifuentes-Rodriguez pleaded guilty to the sole count of the indictment against him, which charged him with illegal reentry after deportation, in violation of 8 U.S.C. §§ 1326(a) and 1326(b). (D.E. 9, 17, 18.)  He was sentenced by this Court on June 16, 2009 to 36 months in the custody of the Bureau of Prisons, to be followed by a three-year term of supervised release. (D.E. 26, 27.) The Court also imposed a $100 special assessment. (D.E. 26, 27.)  Judgment was entered against Sifuentes-Rodriguez on June 19, 2009. (D.E. 27.) He did not appeal and has not filed any post-conviction motions except for the instant motion, which was received by the Clerk on January 14, 2010. (D.E. 29.)  It is timely.

## III. MOVANT'S ALLEGATIONS

In his motion, Sifuentes-Rodriguez argues that, because of his status as a deportable alien, he is being subjected to a harsher sentence than United States citizens who received the same sentence. (D.E. 29 at 1, 2.)  He faults his counsel for failing to argue that his ineligibility for certain BOP programs "constituted significant mitigating factors that should have been considered by the sentencing court." (D.E. 29 at 1.) Specifically, he contends that counsel should have argued that Sifuentes-Rodriguez's status as a deportable alien renders him ineligible for "minimum security confinement" or "prerelease custody," as well as ineligible for sentence credit for participation in a drug treatment program and that, as a result, his sentence is harsher than the same sentence imposed upon a United States citizen.

He claims that counsel's failure to raise these arguments at sentencing constituted ineffective assistance of counsel and entitles him to resentencing.

Although it is not clear from his motion whether it is a separate ground for relief, Sifuentes-Rodriguez also raises the related argument that the resulting disparities between his sentence and a similar sentence imposed on a United States citizen constitute a violation of his equal protection rights under the Fourteenth Amendment. (D.E. 29 at 1.)

In his request for relief, he asks that the Court reduce his offense level by two levels as a "downward departure" or because a two-level reduction is sometimes offered by the United States Attorney to defendants who accept a final deportation order.[2]

## IV. ANALYSIS

**A.     Characterization of Motion**

At the outset, the Court is tasked with determining how to construe Sifuentes-Rodriguez's motion, adhering to the principle that *pro se* pleadings are to be construed liberally. United States v. Riascos, 76 F.3d 93, 94 (5th Cir. 1996). Sifuentes-Rodriguez has couched his first claim as an ineffective assistance of counsel claim, which is a type of claim typically raised in a motion pursuant to 28 U.S.C. § 2255. He also has titled the document as a motion pursuant to 28 U.S.C. § 2255. Thus, the Court will treat his ineffective assistance of counsel claim as a § 2255 motion.

---

[2] Although the Court is aware of such a provision being offered as part of a plea agreement in certain courts, the United States Attorney does not typically, if ever, include such an incentive in cases filed in the Corpus Christi Division of the Southern District of Texas.

The proper characterization of Sifuentes-Rodriguez's claim that his ineligibility for certain BOP programs or placements violates his right to Equal Protection is less clear.  To the extent it can be construed as a challenge to his sentence, this Court has authority to consider it.  To the extent it is properly construed as a challenge to the Bureau of Prison's computation of his sentence, it is more properly brought in a petition pursuant to 28 U.S.C. § 2241.   See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) (a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the appropriate vehicle in which "a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration").  Notably, such a petition should be brought in the district where a prisoner is incarcerated. See Pack, 218 F.3d at 451 (§ 2241 motions should be brought in the district where the petitioner is incarcerated).  According to his motion, Rodriguez-Sifuentes is incarcerated in California City, California, and not within the Southern District of Texas.  Thus, to the extent Rodriguez-Sifuentes is challenging the BOP's computation of his sentence or the manner in which it is being carried out, he should file a § 2241 petition in the proper court.

To the extent his claim can be construed as a direct challenge to his sentence, it is addressed herein. The Court concludes, however, that neither of Sifuentes-Rodriguez's claims entitle him to relief.

**B.      Ineffective Assistance of Counsel**

Sifuentes-Rodriguez's ineffective assistance of counsel claim is properly analyzed under the two-prong analysis set forth in Strickland v. Washington, 466 U.S. 668 (1984).

United States v. Willis, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial. Id. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. United States v. Dovalina, 262 F.3d 472, 474-75 (5th Cir. 2001).

To establish prejudice as a result of an alleged error at sentencing, a § 2255 movant must show that there is a reasonable probability that, but for counsel's alleged error, the sentencing would have been different. See United States v. Phillips, 210 F.3d 345, 350 (5th Cir. 2000). This requires him to show a reasonable probability that he would have received a lesser sentence. United States v. Grammas, 376 F.3d 433, 438-39 (5th Cir. 2004).

If the movant fails to prove of the two one prongs, it is not necessary to analyze the other. Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim."). In this case, Sifuentes-Rodriguez cannot establish prejudice, so his claim fails.

Notably, even if counsel had asked at sentencing for a downward departure or reduced sentence due to Sifuentes-Rodriguez's status as a deportable alien, it would not have been granted. The sentencing guidelines provide that a downward departure on the ground that the defendant is a deportable alien, while permissible, would be proper only in the

5

extraordinary case, and such cases are considered "highly infrequent." See United States v. Garay, 235 F.3d 230, 232-33 & n.8 (5th Cir. 2000). Moreover, in an immigration offense, a defendant's alienage has been adequately taken into consideration and thus is not a permissible basis for downward departure. Garay, 235 F.3d at 233-34 (defendant's "status as deportable alien, as an inherent element of his crime, has already been considered by the [Sentencing] Commission in formulating the applicable guidelines"); United States v. Foote, 2001 WL 671465, *3-*4 (N.D. Tex. 2001) (rejecting argument by § 2255 movant that his counsel should have moved for downward departure); cf. United States v. Maldonado, 242 F.3d 1, 4-5 (1st Cir. 2001) ("a deportable alien who commits a crime is still within the 'heartland' of the guidelines"; "the common facts of a long sentence and likely deportation" do not by themselves make a case extraordinary such as to warrant a downward departure).

While the cases cited in the preceding paragraph were all decided in a pre-Booker[3] world in which the sentencing guidelines were mandatory, the same principles hold true under the advisory guidelines, as well. That is, the Court was aware of Sifuentes-Rodriguez's deportation status, what that meant in terms of the BOP's policies and restrictions, and the fact that Sifuentes-Rodriguez is an illegal alien and subject to deportation is a fact already taken into account by the advisory sentencing guidelines for his offense. Thus, the Court would not have reduced his sentence had counsel raised an objection on this ground at sentencing. Because Sifuentes-Rodriguez has not shown a "reasonable

---

[3] United States v. Booker, 543 U.S. 220 (2005)

6

probability" that he would have received a lesser sentence had counsel made that objection, he cannot establish prejudice. See United States v. Grammas, 376 F.3d 433, 438-39 (5th Cir. 2004). Accordingly, Sifuentes-Rodriguez's ineffective assistance of counsel claim fails.

**C.     Equal Protection Claim**

To the extent Sifuentes-Rodriguez's equal protection challenge is intended to be an challenge to his sentence, it likewise fails. As an initial matter, the determination as to whether an inmate is eligible for participation in the BOP's drug treatment program and any resulting reduction in sentence are wholly within the discretion of the BOP, and are not the decision of the sentencing Court. See 18 U.S.C. § 3621(e)(2)(B) ("The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced *by the Bureau of Prisons*, but such reduction may not be more than one year from the term the prisoner must otherwise serve") (emphasis added). As the Supreme Court has said, § 3621(e)(2)(B) grants the *Bureau of Prisons* the discretion to determine which inmates receive the benefit of early release. Lopez v. Davis, 531 U.S. 230 (2001). Similarly, it is the BOP that decides where to place inmates and whether placement in a halfway house is appropriate for any inmate.

Significantly, moreover, the BOP's policies on the precise issues of the drug treatment program and community-based placement being unavailable to INS detainees or deportable aliens have withstood equal protection challenges. See 28 C.F.R. § 550.58; see, e.g., McLean v. Crabtree, 173 F.3d 1176, 118-85, (9th Cir. 1999) (BOP's rule prohibiting prisoners with INS detainers from receiving sentence reduction under substance abuse treatment statute does

not violate due process or equal protection). Indeed, in several unpublished decisions, the Fifth Circuit has rejected equal protection claims similar to the one Sifuentes-Rodriguez raises. See, e.g., Perez-Martinez v. United States, 235 Fed. Appx. 228, 229, 2007 WL 2114403 (5th Cir. July 23, 2007) (unpublished) (affirming district court's dismissal of equal protection claim in § 2241 petition because petitioner did not show he was being treated differently than similarly situated persons or that the restrictions on INS detainees' participation in the drug-treatment program are irrational, since they are based on a valid flight risk); Bazuaye v. Tombone, 275 F.3d 44, 2001 WL 1223857 (5th Cir. Oct. 5, 2001) (unpublished) (rejecting equal protection claims and due process claims of INS detainee who was ineligible for sentence reduction for drug treatment and ineligible for community-based placement). The Court agrees with the reasoning in those cases and finds no equal protection violation here.

In short, none of Sifuentes-Rodriguez's arguments show that this Court erred in its imposition of his sentence. This claim, to the extent it is properly made in a § 2255 motion, thus fails.

**D.     Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Sifuentes-Rodriguez has not yet filed a notice of appeal, the recently-amended § 2255 Rules instruct that this Court "must issue or deny a certificate

of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules. The Court thus turns to whether Sifuentes-Rodriguez is entitled to a COA.

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Sifuentes-Rodriguez is not entitled to a COA as to either of his claims. That is, reasonable jurists could not debate the Court's resolution of his ineffective assistance claim or his claim challenging his sentence

on equal protection grounds, nor do these issues deserve encouragement to proceed. See Jones, 287 F.3d at 329.

## V. CONCLUSION

For the foregoing reasons, Sifuentes-Rodriguez's "Motion for Sentence Reduction Pursuant to 28 U.S.C. § 2255" (D.E. 29) is DENIED. He is also denied a Certificate of Appealability.

It is so ORDERED this 8th day of March, 2010.

_Hayden Head_
HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE